## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
## (CENTRAL DIVISION)

| | |
|---|---|
| THUAN VAN LUONG and MATTHEW ALLEN RAPER,<br>          Plaintiffs,<br><br>v.<br><br>GARTH HOUSE; JACKSON BRUCKNER; KALEB SCHULTZ; JOHN DOE 1; JOHN DOE 2; STEPHANIE SWARTZ; TRUDY PAULSON; DANA WINGERT; and THE CITY OF DES MOINES,<br>          Defendants. | No. 21-00214<br><br><br><br>**ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES** |

**NOW COME** Defendants, Garth House, Jackson Bruckner, Kaleb Schultz, Stephanie Swartz, Trudy Paulson, Dana Wingert, and the City of Des Moines, and for these motions state:

### PARTIES

1.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 1 and therefore deny same.

2.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 2 and therefore deny same.

3.     Defendants admit that Garth House is an Iowa resident employed in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 3.

4.     Defendants admit that Jackson Bruckner is an Iowa resident employed

in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 4.

5.     Defendants admit that Kaleb Schultz is an Iowa resident employed in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 5.

6.     Defendants admit that Trudy Paulson is an Iowa resident employed in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 6.

7.     Defendants admit that Stephanie Swartz is an Iowa resident employed in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 7.

8.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 8 and therefore deny same.

9.     Defendants admit that Dana Wingert is an Iowa resident employed in the Police Department of the City of Des Moines and that his actions were in the course of his employment. Defendants lack sufficient knowledge to admit or deny Plaintiffs' beliefs and therefore deny the remainder of paragraph 9.

10.     Defendants admit the allegations of paragraph 10.

## JURISDICTION AND VENUE

11.     Defendants admit the allegations of paragraph 11.

12.     Defendants admit the allegations of paragraph 12.

13.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 13 and therefore deny same.

## GENERAL FACTUAL ALLEGATIONS

14.     Defendants deny the allegations of paragraph 14. The Petition references matters that took place outside of Polk County, Iowa including in paragraphs 89, 90, and 91.

15.     Defendants admit the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants admit that the indicated protest took place at the Iowa State Capitol on June 1, 2020. Defendants lack sufficient knowledge regarding the other allegations of paragraph 17 and therefore deny same. Defendants note that review of the publicly available Facebook page for the event indicates at least one non-local event host.[1]

18.     Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 18 and therefore deny same.

19.     Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 19 and therefore deny same.

---

[1] Facebook page located at "TOGETHER WE CAN MAKE A CHANGE: A CALL TO ACTION", https://www.facebook.com/events/iowa-state-capitol/together-we-can-make-a-change-a-call-to-action/716999535772279/, and accessed August 25, 2021.

20.    Defendants admit the allegations of paragraph 20.

21.    Defendants admit the allegations of paragraph 21.

22.    Defendants deny the allegations of paragraph 22. By this time, the gathering of individuals had ceased being a protest and was a riot. Law enforcement agencies had to deploy crowd dispersal techniques to control the criminal acts that were occurring.

23.    Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 23 and therefore deny same.

24.    Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 24 and therefore deny same.

25.    Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 25 and therefore deny same.

26.    Defendants admit that Plaintiffs had the described bottles in their possession when arrested, but otherwise lack sufficient knowledge to admit or deny the allegations of paragraph 26 and therefore deny same.

27.    Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 27 and therefore deny same.

28.    Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 28 and therefore deny same.

29.    Defendants admit the allegations of paragraph 29.

30.    Defendants admit the allegations of paragraph 30.

31.    Defendants admit the allegations of paragraph 31.

32.     Defendants admit the allegations of paragraph 32.

33.     Defendants admit the allegations of paragraph 33.

34.     Defendants admit the allegations of paragraph 34.

35.     Defendants admit that officers from the trucks approached the Plaintiffs and directed them to get on the ground.

36.     Defendants admit the that officers prepared weapons for use including nonlethal weapons.

37.     Defendants admit the allegations of paragraph 37.

38.     Defendants admit the allegations of paragraph 38.

39.     Defendants admit the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40. Officers had observed individuals entering The Blazing Saddle and entered it to ensure the safety of the area.

41.     Defendants admit the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

43.     Defendants admit the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants admit the allegations of paragraph 45.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants admit the allegations of paragraph 49.

50.     Defendants admit the allegations of paragraph 50.

51.     Defendants admit the allegations of paragraph 51.

52.     Defendants admit the allegations of paragraph 52.

53.     Defendants admit the allegations of paragraph 53.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants admit that the spray bottes contributed to probable cause for officers to believe that Plaintiffs were associated with individuals at the Iowa State Capitol who had unlawfully failed to disperse when ordered. Otherwise, Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57. Officers performed various tasks during this process.

58.     Defendants admit the allegations of paragraph 58.

59.     Defendants admit the allegations of paragraph 59.

60.     Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 60 and therefore deny same.

61.     Defendants deny the allegations of paragraph 61. Officers' observations of the bottles Plaintiffs were carrying informed them as to Plaintiffs' involvement in riots.

62.     Defendants admit the allegations of paragraph 62.

63.     Defendants admit the allegations of paragraph 63.

64.     Defendants admit the allegations of paragraph 64.

65.     Defendants admit the allegations of paragraph 65.

66.     Defendants admit the allegations of paragraph 66.

67.     Defendants admit the allegations of paragraph 67.

68.     Defendants admit the allegations of paragraph 68.

69.     Defendants admit the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71. Plaintiffs' possession of bottles containing unknown substances was perceived as threatening even if that was not their intention.

72.     Paragraph 72 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

73.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 73 and therefore deny same.

74.     Defendants admit the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 78 and therefore deny same.

79.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 79 and therefore deny same. However, it is notable that Plaintiffs admit associating with people who had been unlawfully assembled in their

petition.

80.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 80 and therefore deny same.

81.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 81 and therefore deny same. However, it is notable that Plaintiffs admit associating with people who had been unlawfully assembled in their petition.

82.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 82 and therefore deny same.

83.     Defendants admit the allegations of paragraph 83.

84.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 84 and therefore deny same.

85.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 85 and therefore deny same.

86.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 86 and therefore deny same.

87.     Defendants admit the allegations of paragraph 87.

88.     Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 88 and therefore deny same.

89.     Defendants admit the case law states this but deny paragraph 89 to the extent that this statement purports to describe the circumstances in this case. Paragraph 89 states a legal conclusion for which no response is necessary. Defendants

therefore deny same.

90.     Defendants admit the case law states this but deny paragraph 90 to the extent that this statement purports to describe the circumstances in this case.

91.     Defendants admit the case law states this but deny paragraph 91 to the extent that this statement purports to describe the circumstances in this case.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

## COUNT 1
## ILLEGAL SEIZURE
## UNITED STATES CONSTITUTION
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, individually)

102.    Defendants incorporate all prior paragraphs as if fully stated herein.

103.    Paragraph 103 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

104.    Paragraph 104 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

105.    Defendants deny the allegations of paragraph 105.

106.    Defendants deny the allegations of paragraph 106.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 2
## ILLEGAL SEIZURE
## IOWA CONSTITUTION
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, individually)

107.    Defendants incorporate all prior paragraphs as if fully stated herein.

108.    Paragraph 108 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

109.    Paragraph 109 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

110.    Defendants deny the allegations of paragraph 110.

111.    Paragraph 111 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

112.    Defendants deny the allegations of paragraph 112.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 3
## RETALIATION
## UNITED STATES CONSTITUTION
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, individually)

113.    Defendants incorporate all prior paragraphs as if fully stated herein.

114.    Paragraph 114 states a legal conclusion for which no response is

necessary. Defendants therefore deny same.

115. Paragraph 115 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

116. Paragraph 116 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

117. Defendants deny the allegations of paragraph 117.

118. Defendants deny the allegations of paragraph 118.

119. Paragraph 119 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

120. Paragraph 120 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

121. Defendants deny the allegations of paragraph 121.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 4
## RETALIATION
## IOWA CONSTITUTION
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, individually)

122. Defendants incorporate all prior paragraphs as if fully stated herein.

123. Paragraph 123 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

124. Paragraph 124 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

125. Paragraph 125 states a legal conclusion for which no response is

necessary. Defendants therefore deny same.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Paragraph 128 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

129.    Paragraph 129 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

130.    Paragraph 130 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

131.    Defendants deny the allegations of paragraph 131.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

### COUNT 5
### POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION
### UNITED STATES CONSTITUTION
### (Against Defendants Wingert, individually, and City of Des Moines, Iowa)

132.    Defendants incorporate all prior paragraphs as if fully stated herein.

133.    Defendants admit the allegations of paragraph 133.

134.    Paragraph 134 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

135.    Paragraph 135 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

136.    Defendants deny the allegations of paragraph 136.

137.    Paragraph 137 states a legal conclusion for which no response is

necessary. Defendants therefore deny same.

138.   Defendants deny the allegations of paragraph 138.

139.   Paragraph 139 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

140.   Paragraph 140 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

141.   Defendants deny the allegations of paragraph 141.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 6
## POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION
## IOWA CONSTITUTION
### (Against Defendants Wingert, individually, and City of Des Moines, Iowa)

142.   Defendants incorporate all prior paragraphs as if fully stated herein.

143.   Defendants admit the allegations of paragraph 143.

144.   Paragraph 144 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

145.   Paragraph 145 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

146.   Defendants deny the allegations of paragraph 146.

147.   Paragraph 147 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

148.   Defendants deny the allegations of paragraph 148.

149.   Paragraph 149 states a legal conclusion for which no response is

necessary. Defendants therefore deny same.

150.   Paragraph 150 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

151.   Paragraph 151 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

152.   Defendants deny the allegations of paragraph 152.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 7
## MALICIOUS PROSECUTION
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Swartz, Paulson, individually)

153.   Defendants incorporate all prior paragraphs as if fully stated herein.

154.   Paragraph 154 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

155.   Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 155 and therefore deny same.

156.   Paragraph 156 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

157.   Paragraph 157 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

158.   Defendants deny the allegations of paragraph 158.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 8
## ABUSE OF PROCESS
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Swartz, Paulson, individually)

159.    Defendants incorporate all prior paragraphs as if fully stated herein.

160.    Defendants deny the allegations of paragraph 160.

161.    Defendants deny the allegations of paragraph 161.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 9
## FALSE ARREST / IMPRISONMENT
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, individually)

162.    Defendants incorporate all prior paragraphs as if fully stated herein.

163.    Defendants admit the allegations of paragraph 163.

164.    Paragraph 164 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

165.    Defendants deny the allegations of paragraph 165.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## COUNT 10
## ASSAULT AND BATTERY
### (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2)

166.    Defendants incorporate all prior paragraphs as if fully stated herein.

167.    Paragraph 167 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

168.    Defendants admit the allegations of paragraph 168.

169.   Paragraph 169 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

170.   Paragraph 170 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

171.   Paragraph 171 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

172.   Defendants deny the allegations of paragraph 172.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

**COUNT 11**
**DEFAMATION**
**(Against Defendants  John Doe 1 and 2, Swartz, Paulson)**

173.   Defendants deny the allegations of paragraph 173.

174.   Paragraph 174 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

175.   Paragraph 175 states a legal conclusion for which no response is necessary. Defendants therefore deny same.

176.   Defendants deny the allegations of paragraph 176.

177.   Defendants deny the allegations of paragraph 177.

WHEREFORE, Defendants pray for judgment against the Plaintiffs and an entry of costs against Plaintiff upon this count.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.     Defendants are not liable under 42 U.S.C. § 1983 because their actions were constitutional.

3.     The actions of Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

4.     Defendants have not violated any of the Plaintiffs' rights under the First, Fourth Fifth, or Fourteenth Amendments to the United States Constitution.

5.     Defendants have not violated any of the Plaintiffs' rights under the Iowa Constitution.

6.     There was probable cause for Plaintiffs' arrests.

7.     Defendants did not engage in malicious prosecution, abuse of process, or assault and battery.

8.     Defendants were not motivated at any time with an evil intent or motive or reckless or callous indifference toward any of Plaintiffs' rights.

9.     Defendant City of Des Moines is not liable in respondeat superior, nor in a *Monell* capacity.

10.     Defendant City of Des Moines cannot be found liable for punitive damages.

11.     The Defendants are immune pursuant to Iowa Code chapter 670.

12.     The individual Defendants have qualified immunity to claims under the

United States Constitution.

13.     The individual Defendants have qualified immunity to claims under the Iowa Constitution.

14.     Plaintiffs' fault exceeds the fault of the Defendant and bars any recovery pursuant to Iowa Code chapter 668.

15.     The Plaintiffs' fault must be compared with the fault of the Defendant, if any, and the Plaintiffs' award must be reduced or eliminated by the percentage of fault pursuant to Iowa Code chapter 668.

16.     Any damages incurred by Plaintiff as alleged were the result of Plaintiffs' own intentional conduct and Plaintiff is therefore barred from recovery.

17.     The Defendants had reasonable suspicion or probable cause to suspect the Plaintiffs were engaged in criminal activity.

18.     The Plaintiffs will not be able to establish the City of Des Moines had a custom, policy or practice that violated the Plaintiffs' or any citizen's constitutional rights in regard to the issues asserted in Plaintiffs' Complaint.

19.     The Plaintiffs will not be able to establish of a pervasive pattern of unconstitutional conduct on the part of the City of Des Moines in the hiring or retention nor training of police officers or in regard to any other matter asserted in his Complaint.

20.     The Defendants reserve the right to supplement affirmative defenses as discovery continues in this case.

## JURY DEMAND

NOW COME the Defendants and demand trial by jury on all claims to which it is entitled by law.


Respectfully submitted,

*/s/ Luke DeSmet*

Luke DeSmet                                    AT0010219
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4110
Facsimile:  (515) 237-1748
E-mail:  LMDesmet@dmgov.org
LEAD ATTORNEY

*/s/ Michelle R. Mackel-Wiederanders*

Michelle R. Mackel-Wiederanders      AT0004790
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4537
Facsimile:  (515) 237-1748
E-mail:  MRMackel@dmgov.org
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true copy of the foregoing was electronically sent via the Clerk of Court and plaintiffs' counsel.

*/s/ Luke DeSmet*